O

# United States District Court
# Central District of California

LUIS LESAMA RODRIGUEZ et al.,

        Plaintiffs,

    v.

JETBLUE AIRWAYS CORPORATION,

        Defendant.

Case № 2:23-cv-08742-ODW (SKx)

**ORDER GRANTING MOTION TO STAY [17]**

## I.  INTRODUCTION

Plaintiff Luis Lesama Rodriguez initiated this putative class action against Defendant JetBlue Airways Corporation ("JetBlue") and DOES 1 through 20 for allegedly violating numerous California wage and labor laws relating to Rodriguez's employment by JetBlue. (Notice Removal Ex. 1 ("Compl."), ECF No. 1-1.) JetBlue now moves to stay this action pending the resolution of an earlier-filed class action presently before the United States District Court for the Southern District of California. (Mem. ISO Mot. Stay ("Mot."), ECF No. 17-1.) For the following reasons, the Court **GRANTS** Defendant's Motion to Stay.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. REQUEST FOR JUDICIAL NOTICE

Concurrently with its Motion, JetBlue requests that the Court take judicial notice of: (1) the Complaint filed on June 27, 2023, in San Diego County Superior Court, Case Number 37-2023-00026924-CU-OE-CTL, *Carly Pok v. JetBlue Airways Corporation*; (2) the First Amended Complaint filed on November 6, 2023, in the Southern District of California in the same action following its removal; and (3) the Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings issued by the Southern District of California Court in the above-mentioned action on September 25, 2023.  (Req. Judicial Notice, ECF No. 17-2.)

The Court may take judicial notice of court filings and other undisputed matters of public record.  *See* Fed. R. Evid. 201(b); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that courts "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to the matters at issue").  All exhibits for which JetBlue requests judicial notice are court records.  Accordingly, the Court **GRANTS** JetBlue's request for judicial notice of these three documents.  The Court does not, however, take judicial notice of reasonably disputed facts in the judicially noticed documents.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## III. BACKGROUND

On July 31, 2023, Rodriguez filed this wage and hour class action against JetBlue, seeking to represent a putative class of hourly employees who worked for JetBlue in California since June 18, 2021.  (Compl. ¶ 35.)  Rodriguez alleges that during and after class plaintiffs' employment, JetBlue violated the California Labor Code, California Business and Professions Code ("B&PC"), the applicable Wage Orders issued by the California Industrial Welfare Commission ("IWC Wage Orders"), and other "related common law principles."  (*Id.* ¶ 1.)  Based on these allegations, Plaintiffs assert the following eleven claims: (1) failure to pay wages; (2) failure to pay overtime compensation; (3) failure to authorize and permit rest

breaks; (4) failure to authorize and permit meal breaks; (5) failure to timely provide accurate itemized wage statements; (6) waiting time penalties; (7) failure to indemnify for necessary business expenses; (8) unfair competition; (9) retaliation in violation of Labor Code section 98.6; (10) retaliation in violation of Labor Code sections 1102.5 and 1102.6; and (11) penalties under California Labor Code Private Attorneys General Act ("PAGA"). (*Id.* ¶¶ 43–137.)

The complaint proposes a putative class of similarly situated individuals who are presently employed or were previously employed by JetBlue in California on an hourly basis from June 18, 2021, through the present. (*Id.* ¶ 35.) Plaintiff defines the class as:

> [S]imilarly situated individuals who are presently employed or were formerly employed as employees paid on an hourly basis (including any of Defendants' job positions with substantially similar titles and/or duties) in California from June 18, 2021 through trial who were not: (1) paid overtime compensation for all overtime hours worked; (2) provided legally compliant meal periods, (3) provided legally compliant rest periods, (4) provided accurate wage statements, (5) paid all earned wages timely upon termination of their employment, or (6) reimbursed for all necessary expenditures incurred in discharge of their duties or at instruction of Defendants.

(*Id.*) In addition, Plaintiff proposes a subclass of similarly situated individuals whom JetBlue previously employed, termed the "Terminated Employee SubClass." (*Id.* ¶ 36.) Plaintiff defines this subclass as: "those similarly situated individuals who were formerly employed by Defendants as hourly employees in California from June 18, 2021[,] through trial who were retaliated against and/or terminated." (*Id.*) Plaintiff alleges the subclass was terminated in retaliation for taking meal and rest breaks and for complaining to supervisors about the alleged Labor Code violations. (*Id.* ¶¶ 115, 122–25.)

Before Rodriguez commenced this action, on June 27, 2023, litigant Carly Pok filed a similar wage and hour class action against JetBlue in San Diego County

Superior Court—*Pok v. JetBlue Airways Corp.*, No. 37-2023-00026924-CU-OE-CTL (filed Cal. Super. Ct., Cnty. S.D. June 27, 2023) (hereinafter the "*Pok* Action")—which JetBlue has since removed to the United States District Court for the Southern District of California. Am. Compl., *Pok v. JetBlue Airways Corp.*, No. 3:23-cv-01438-BEN (WVG) (filed S.D. Cal. Aug. 7, 2023), ECF No. 19 ("*Pok* Am. Compl."). Pok seeks to represent a putative class of "non-exempt" (i.e., hourly) employees who have worked for JetBlue in California since June 18, 2021, through the present. *Pok* Am. Compl. ¶¶ 14–15. On behalf of the putative class, Pok asserts the following twelve claims: (1) failure to pay state minimum wages (2) failure to pay local minimum wages; (3) failure to pay overtime wages; (4) failure to provide rest periods and pay missed rest periods; (5) failure to provide meal periods and pay missed meal periods; (6) failure to maintain accurate employment records; (7) failure to pay timely wages during employment; (8) failure to pay all wages earned and unpaid at separation; (9) failure to furnish accurate itemized wage and hour statements; (10) failure to pay sick leave; (11) unfair competition; and (12) penalties under the PAGA. *Id.* ¶¶ 77–137.

Now, JetBlue seeks to stay the present action pending the outcome of the *Pok* Action based on the "first-to-file" rule. (Mot.) Under that rule, JetBlue argues that a stay is warranted in the interest of judicial economy because of the substantial overlap between the parties and issues in both actions. (*Id.*) The Motion is fully briefed. (Opp'n Mot. ("Opp'n"), ECF No. 18; Reply, ECF No. 19.)

## IV. LEGAL STANDARD

The first-to-file rule "may be invoked 'when a complaint involving the same parties and issues has already been filed in another district [court].'" *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)). Under the first-to-file rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer [or] stay . . . the second

case." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). The first-to-file rule promotes "judicial economy, consistency, and comity" and "should not be disregarded lightly." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239–40 (9th Cir. 2015). "In addition to judicial efficiency, the [first-to-file] rule helps 'prevent[ ] the risk of inconsistent decisions that would arise from multiple litigations of identical claims.'" *Iglesias v. Ariz. Beverages USA, LLC*, No. 22-cv-09108-JSW, 2023 WL 6795416, at *3 (N.D. Cal. Oct. 13, 2023) (second alteration in original) (quoting *Ruckus Wireless, Inc. v. Harris Corp.*, No. 11-cv-019440-LHK, 2012 WL 588782, at *2 (N.D. Cal. Feb. 22, 2012)).

## V. DISCUSSION

Citing the first-to-file rule, JetBlue requests a stay, arguing the present action is duplicative of the *Pok* Action pending before the Southern District of California and that a continuation of the present action would be a waste of judicial resources.[2] (Mot. 1.) Rodriguez argues the Court should either refuse the stay, transfer the case to effect consolidation with the *Pok* Action, or stay only in part while proceeding with the retaliation claims. (Opp'n 1–2.) After evaluating the applicability of the first-to-file rule to the present action, the Court finds the rule applies and a stay is warranted, and that venue transfer is not appropriate.

### A. First-to-File Rule

When district courts evaluate the applicability of the first-to-file rule, they look to three factors: "(1) the chronology of the two actions; (2) the identity of the parties involved; and (3) the similarity of the issues at stake." *Bozic v. Uijl*, No. 16-cv-733-BAS (MDD), 2017 WL 432878, at *5 (S.D. Cal. Jan. 31, 2017). These factors are not "rigid or inflexible" and should not be applied mechanically; instead, they should "be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys.*, 678 F.2d at 95. The Court analyzes each factor in turn.

---

[2] In its Motion to Stay, JetBlue argues additionally that a stay is warranted under *Landis v. North American Co.*, 299 U.S. 248 (1936). (Mot. 1.) However, the Court need not address this additional argument as it finds a stay is warranted under the first-to-file rule.

### 1. *Chronology of the Lawsuits*

Neither party disputes the chronology of the lawsuits. The *Pok* plaintiffs filed their action on June 27, 2023, while Rodriguez filed the present action on July 31, 2023. (*See generally* Mot.) Although Rodriguez argues that the plaintiffs in *Pok* added the PAGA claim in their amended complaint after Rodriguez filed this action, the filing date of the initial complaint is determinative for chronology purposes under the first-to-file rule. *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) ("In determining when a party filed an action for purposes of the first to file rule, courts focus on the date upon which the party filed its original, rather than its amended complaint."). Thus, the *Pok* plaintiffs filed their action first. Accordingly, the Court finds this factor weighs in favor of applying the first-to-file rule.

### 2. *Similarity of the Parties*

"The Ninth Circuit has recognized that the 'first-to-file rule does not require the exact identity of the parties' but requires 'only substantial similarity of parties.'" *Dang v. Pontier*, No. 19-cv-1519-GPC (AHG), 2020 WL 7481312, at *3 (S.D. Cal. Dec. 18, 2020) (quoting *Kohn L. Grp.*, 787 F.3d at 1240). Thus, "[t]he rule is satisfied if some [of] the parties in one matter are also [parties] in the other matter, regardless of whether there are additional, unmatched parties in one or both matters." *Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, Civ. No. 10-3134 KJM EFB, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011) (second alteration in original) (quoting *PETA, Inc. v. Beyond the Frame, Inc.*, No. 10-cv-07576 MMM (SSx), 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011)). Additionally, when the cases involved are class actions, "the classes, and not the class representatives, are compared." *Ross v. U.S. Bank Nat. Ass'n*, 542 F.Supp.2d 1014, 1020 (N.D. Cal. 2008).

There is no dispute that JetBlue is the named defendant in both actions. Therefore, the Court examines the putative classes. In the *Pok* Action, Pok defines the proposed putative class as all individuals presently or formerly employed by JetBlue as non-exempt (i.e., hourly) employees in California from June 18, 2021, to the

present. *Pok* Am. Compl. ¶¶ 2–3, 14, 21–23. In the present action, Rodriguez likewise defines the proposed class as all "similarly situated individuals who are presently employed or were formerly employed as employees paid on an hourly basis . . . in California from June 18, 2021[,] through trial." (Compl. ¶ 35.) These two classes—the primary classes in each respective action—are identical. While it is true each action contains subclasses that are dissimilar from each other,[3] the identity of the parties in both actions need only be substantially similar and not identical. *Dang v. TEOCO Corp. Grp. Benefit Plan*, No. 21-55032, 2023 WL 5925890, at *2 (9th Cir. Sept. 12, 2023) (upholding the district court's finding of "substantial similarity" despite the presence of additional parties in the later-filed suit). Therefore, the Court finds the substantial similarity between the parties favors applying the first-to-file rule.

        3.    *Similarity of the Issues*

Finally, the first-to-file rule does not require "exact parallelism" between the issues in each case, "but rather substantial similarity" of the issues. *Pac. Coast Breaker*, 2011 WL 2073796, at *4. Therefore, the first-to-file rule can apply even if the second case has additional or differing claims. *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 (EDL), 2012 WL 8147135, at *3 (N.D. Cal. Sept. 12, 2012). "To determine whether two suits involve substantially similar issues, a court must look at whether there is substantial overlap between the two suits." *Iglesias*, 2023 WL 6795416, at *5 (internal quotation marks omitted). "Substantial overlap" exists when "key issues overlap and the resolution of one case could affect the resolution of the other." *In re Com21, Inc.*, 357 B.R. 802, 808 (Bankr. N.D. Cal. 2006).

Here, Rodriguez does not dispute that the complaint in this action contains allegations similar to those in the *Pok* First Amended Complaint. (Opp'n 1.) Indeed, Rodriguez concedes "[t]here is no question that the claims presented in this action and

---

[3] The *Pok* Action contains a "San Diego" subclass, *Pok* Am. Compl. ¶ 14, while the present action contains a "Terminated Employee" subclass, (Compl. ¶ 36).

the *Pok* action are similar . . . and stem from similar factual allegations." (*Id.*) Both Pok and Rodriguez assert comparable wage and hour claims against JetBlue for: (1) failure to pay minimum wages; (2) failure to pay overtime compensation; (3) failure to provide rest periods; (4) failure to provide meal periods; (5) failure to furnish accurate, itemized wage statements; (6) failure to pay all wages due upon termination (i.e., waiting time penalties); (7) violation of the Unfair Competition Law; and (8) civil penalties under PAGA. (*Compare* Compl. ¶¶ 43–137), *with Pok* Am. Compl. ¶¶ 77–137. Thus, eight of the eleven claims Rodriguez asserts in the present action are "substantially similar"—if not identical—to those Pok asserts in the *Pok* Action. Although Rodriguez's three additional claims for retaliation and expense reimbursement are absent in *Pok*, an overwhelming majority of issues in this action are "substantially similar" and overlap with those in *Pok*. *See Adoma v. Univ. of Phx., Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010) (finding plaintiff's additional claim did "not necessarily prevent the application of the first-to-file rule"). Moreover, the additional claims "stem from similar factual allegations." (*See* Opp'n 1.) Thus, the Court finds this factor weighs in favor of applying the first-to-file rule.

Accordingly, the Court finds that the first-to-file rule applies because: (1) *Pok* is the first-filed action, and (2) there is "substantial similarity" between the issues and parties in both cases. *See Kohn L. Grp.*, 787 F.3d at 1239–41.

### B.     Transfer of Venue

The Plaintiff requests that the Court transfer the action to the Southern District of California in lieu of issuing a stay. (Opp'n 2.) When the first-to-file rule applies, the "court has discretion to transfer [or] stay . . . the second case." *Cedars-Sinai Med.*, 125 F.3d at 769. However, the Ninth Circuit has cautioned that a district court may only transfer a second-filed action under the first-to-file rule to a district "where it might have been brought." *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018) (quoting 28 U.S.C. § 1404(a)). "Generally, venue is proper, and an action may have been brought, in . . . a district in which a substantial part of the events or omissions giving

rise to the claim occurred . . . ." *Iglesias*, 2023 WL 6795416, at *6 (citing 28 U.S.C. § 1391(b)). In the class action setting, the "substantial events" determining venue "are only those [events] involving the named plaintiffs." *In re Bozic*, 888 F.3d at 1053. "[T]he claims of unnamed class members can never make permissible an otherwise impermissible venue." *Id.*

In the present action, Rodriguez is the only named Plaintiff. (Compl. ¶ 9.) Nothing in Rodriguez's complaint suggests that any substantial part of the events—or any of the events—giving rise to his individual claims occurred in the Southern District of California. (*Id.* ¶ 10.) Rodriguez worked for JetBlue as a ground operations crew member within the County of Los Angeles, California. (*Id.*) As none of the events giving rise to Rodriguez's individual claims occurred in the Southern District of California, the Court finds that venue there is improper.[4]

### C. Scope of Stay

Having concluded the first-to-file rule applies and a venue transfer is inappropriate, the Court must now determine whether to order a partial or complete stay. The first-to-file rule allows a court to stay an action when the continuation of such an action can result in duplicative litigation and inconsistent judgments. *See Church of Scientology. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) ("The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."). Therefore, when applying the first-to-file rule, courts should strive for "(w)ise judicial administration, giving regard to conservation of judicial resources." *Pacesetter Sys.*, 678 F.2d at 95 (alteration in original).

There is little evidence that a stay would prejudice the interests of the putative class in the present case. The putative class in *Pok* explicitly includes the proposed

---

[4] Los Angeles County falls under the jurisdiction of the United States District Court for the Central District of California and not the United States District Court for the Southern District of California, which encompasses San Diego County and Imperial County. *Compare* https://www.cacd.uscourts.gov/ *with* https://www.casd.uscourts.gov/.

class in the present action. *Compare Pok* Am. Compl. ¶¶ 14–15, (*with* Compl. ¶ 35.) Moreover, there is no indication that plaintiff's council in *Pok* cannot adequately represent and advocate for the entire class.

Further, although additional claims for retaliation are present here, the retaliation claims are predicated on the validity of the other California Labor Law claims Rodriguez asserts in the action—claims also asserted in *Pok*. *See In re Com21, Inc.*, 357 B.R. at 808 (finding that "key issues overlap [when] the resolution of one case could affect the resolution of the other"). Indeed, Rodriguez asserts retaliation claims against JetBlue for its alleged response to employees taking purportedly unprovided meal and rest breaks and reporting Labor Code violations. (Compl. ¶¶ 113–29.) Thus, the discovery process for the retaliation claims would require an inquiry into the other claims—an inquiry that is presently occurring in *Pok*. *See McKinnon v. Peloton Interactive, Inc.*, No. 2:22-cv-03368-MWF (Ex), 2022 WL 18284402, at *8 (C.D. Cal. Nov. 14, 2022) (granting stay to "conserve resources" where discovery in one case would "likely cover the alleged violations" in another case); *L.A. Terminals, Inc. v. City of Los Angeles*, No. 2:18-cv-06754-MWF (RAOx), 2019 WL 8064033, at *3 (C.D. Cal. June 18, 2019) (granting stay to "conserve the parties' resources by avoiding potentially unnecessary litigation"). Thus, continuing the present litigation solely with the retaliation claims would require duplicative discovery and pose the risk of conflicting judgments.

Accordingly, the Court finds that staying the present action in its entirety is appropriate here, to avoid unnecessary litigation and the potential for inconsistent judgments, and to promote judicial efficiency and economy.

## VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Stay, (ECF No. 17.), and ORDERS parties to submit a joint status report every 120 days with the first report due on **May 28, 2024**.

**IT IS SO ORDERED.**

February 28, 2024

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

11